UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PHILIP M. ANDREWS,
    Plaintiff,

V.

REGINALD ALLEN,
    Defendant.

CASE NO. 3:03CV611 (RNC)

FILED
2003 NOV 26 A 7: 54
US DISTRICT COURT
HARTFORD CT

RULING AND ORDER

    Plaintiff Phillip Andrews, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, claiming violations of his rights to due process, equal protection and freedom from unreasonable searches in connection with an incident in which defendant Reginald Allen, a Hartford police officer, allegedly struck him repeatedly in the course of an arrest. Defendant has moved to dismiss the complaint in its entirety for failure to provide a plain statement of the claims or, in the alternative, for a more definite statement. In response, plaintiff has filed a "compliance" to defendant's request for a more definite statement. [Doc. #8] Defendant also has filed a motion to strike documents attached to plaintiff's complaint. [Doc. # 11] For the reasons that follow, defendant's motions are denied.

Background

    For purposes of defendant's motions, the following facts are assumed to be true.

    On April 18, 2001, plaintiff was arrested by defendant and another officer for possession of illegal substances. During the

1

course of the arrest, the officers repeatedly struck him while attempting to forcibly search his mouth for drugs.  Plaintiff recognized defendant Allen from a Police Civilian Review Board hearing conducted the previous week regarding false arrest charges he had instituted against Allen in 1996.  Defendant told the other officer: " This is the M--fer who had me at the PCRB hearing last week."  The search of plaintiff's mouth and subsequent medical tests disclosed no evidence of drugs.  Defendant later filed a false report stating that plaintiff assaulted him.  This was not the first confrontation between plaintiff and these officers.

Motion to Dismiss or for More Definite Statement

Defendant contends that plaintiff's allegations are so vague and conclusory that he cannot properly frame a response.  He surmises that the April 18, 2001 confrontation serves as the basis for the action but points to plaintiff's general references in the complaint to "defendants" or "officers," even though he is the only defendant,[1] and plaintiff's allegations regarding prior "history" between the two parties.  I conclude that the complaint, read in conjunction with the "compliance," (collectively referred to as plaintiff's pleadings) provides sufficient notice of the claims to permit defendant to frame a

---

[1] Plaintiff's complaint names Alfred Fernino, another Hartford police officer, as a defendant, but his later submissions name defendant Allen only.  Accordingly, any claim against Fernino is deemed to have been abandoned.

2

proper response. See Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000).

Pro se litigants are held to less stringent standards than attorneys. See Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993), cert. denied, 513 U.S. 1014 (1994). Fairly read and liberally construed, plaintiff's pleadings allege that defendant subjected him to excessive force in the course of a false arrest. Plaintiff's pleadings further allege that defendant's actions were motivated by retaliatory intent in violation of the First Amendment, plaintiff having previously filed the complaint that was the subject of the Review Board hearing. Plaintiff's complaint specifies the basis of his prior complaint, false arrest, and provides the general time period in which he initiated that complaint. Plaintiff's "compliance" further indicates that his allegations regarding a "history" also pertain to the 1996 false arrest.[2] In sum, defendant's motion to dismiss or for a more definite statement has been rendered moot by plaintiff's "compliance."[3]

---

[2] The absence from plaintiff's "compliance" of other specific allegations against defendant regarding earlier events, other than the 1996 false arrest, indicates that the allegations in plaintiff's complaint regarding previous assaults do not pertain to this defendant.

[3] Defendant's inability to ascertain plaintiff's theory of liability under the Equal Protection and Due Process Clauses should be addressed through discovery. See Greater New York Auto. Dealers Ass'n v. Envtl. Sys. Testing, Inc., 211 F.R.D. 71, 77 (E.D.N.Y. 2002) ("When defendants have notice of the general nature of the claims against them, '[t]he preferred course is to

Motion to Strike

Defendant moves to strike as immaterial all the documents attached to plaintiff's complaint. See Fed. R. Civ. P. 12(f). Motions to strike are disfavored and will be denied unless the matter sought to be stricken has "no possible bearing on the subject matter of the litigation." Schramm v. Krischell, 84 F.R.D. 194, 199 (D. Conn. 1979); accord Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976).

Plaintiff's hospital and medical records, statements by witnesses to the alleged assault, and documentation of plaintiff's prior false arrest complaint against defendant are material to plaintiff's claims of excessive force, false arrest and retaliation. The relevancy of the remaining documents, which appear to relate to complaints plaintiff filed with either the police department or city officials, is less clear but their presence in the file causes no apparent prejudice.

Conclusion

Accordingly, defendant's motions to dismiss or for a more definite statement and to strike are hereby denied.

---

encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings,' rather than to require plaintiffs to more specifically plead their causes of action.").

4

So Ordered.

Dated at Hartford, Connecticut this 25th day of November 2003.

---
Robert N. Chatigny
United States District Judge