

FILED

2003 DEC 22 P 2: 00

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PHILIP M. ANDREWS                    :     CIVIL ACTION
                                     :     NO. 3:03CV611 (RNC)
V.                                   :

REGINALD ALLEN                       :     DECEMBER 8, 2003

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND MORE DEFINITE STATEMENT

I.   ANSWER TO PLAINTIFF'S CIVIL RIGHTS COMPLAINT

   A.   Parties

As to the allegations contained in Section A of the Civil Rights Complaint, the plaintiff is left to his proof.

   B.   Jurisdiction

As to the allegations contained in Section B of the Civil Rights Complaint, the plaintiff is left to his proof.

   C.   Nature of the Case

As to the allegations which state that "officers went well beyond accepted legal parameters to effect an arrest/retentions of the alleged evidence they were attempting to secure from plaintiff's mouth cavity," they are denied. As to the allegations which state that the actions of the defendants were "retaliatory," they are denied. As to the remaining allegations contained in said section, the plaintiff is left to his proof.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

D. Cause of Action

As the allegations in this section of the Civil Rights Complaint consist of a three-page, single-spaced narrative of the events of April 10 and/or 18, 2001, without numbered paragraphs, or direct and precise allegations of fact, the defendant can only leave the plaintiff to his proof. The defendant does admit that on April 18, 2001, at approximately 12:27 p.m., members of the Hartford Police Department, including Detective Reggie Allen, arrested the plaintiff on several criminal charges, including possession of narcotics, assault on a police officer, and interfering with a police officer. As to any allegations which allege that the defendant violated the plaintiff's constitutional rights or were otherwise engaged in unlawful or wrongful conduct, they are denied. The defendant further denies that any action taken against the plaintiff was in any way retaliatory for any previous complaints filed by the plaintiff against the defendant or other Hartford police officers.

II. **ANSWER TO PLAINTIFF'S MORE DEFINITE STATEMENT**

I. As to the allegations contained in Section I, the plaintiff is left to his proof.

II. As to the allegations contained in Section II, which allege that defendants used excessive force and/or assaulted the plaintiff, they are denied. As to the remaining allegations contained in said section, the plaintiff is left to his proof.

III. As the allegations contained in Section III, the plaintiff is left to his proof. To the extent that any of these allegations are construed to allege the defendant violated the plaintiff's civil rights or otherwise engaged in wrongful or unlawful conduct, they are denied.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

IV.   As the allegations contained in Section IV that allege Detective Allen "unlawfully stopped" or "assaulted" the plaintiff, or that Detective Allen retaliated against the plaintiff for "prior encounters," they are denied.  The defendant further denies submitting any false or misleading statements or employing the use of excessive or unreasonable force.  As to the remaining allegations contained in said section, the plaintiff is left to his proof.

V.   Insofar as Section V contains a two-page narrative consisting of one paragraph describing certain events occurring on April 18, 2001, the defendant cannot reasonably respond to the congested allegations of fact, and leaves the plaintiff to his proof.  The defendant admits that on April 18, 2001, officers from the Hartford Police Department, including Detective Reggie Allen, were investigating illegal narcotic activity in the area of Park and Hungerford Streets in Hartford, Connecticut.  The defendant further admits that on that date, the plaintiff was arrested for several criminal charges, including possession of narcotics, assault on a police officer and interfering with a police officer.  As to the allegations contained in said section which allege that "defendants unlawfully arrested the plaintiff, made false statements or charges against him, or used unreasonable or unnecessary force, they are denied.

VI.   Insofar as Section VI contains a two-page narrative consisting of one paragraph describing certain events occurring on April 18, 2001, the defendant cannot reasonably respond to the congested allegations of fact, and leaves the plaintiff to his proof.  The

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

defendant admits that the plaintiff has been previously arrested and charged with criminal activity by Hartford police officers, and that he has been convicted of certain offenses associated with those arrests. The defendant further admits that the City of Hartford Civilian Police Review Board conducted a meeting on April 10, 2001 in which it addressed a complaint of an unlawful arrest by the plaintiff filed against three (3) Hartford police officers, including Detective Reggie Allen. The defendant further admits that the Hartford Civilian Police Review Board unanimously exonerated all three (3) police officers.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiff's pleadings fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

At all times relative to the complaint, Detective Reggie Allen is entitled to qualified immunity insofar as he did not violate any clearly established constitutional right of the plaintiff or, alternatively, his actions were objectively reasonable in view of the circumstances then and there existing.

### Third Affirmative Defense

To the extent that the plaintiff's pleadings allege a claim of assault, any action taken by Detective Reggie Allen was in response to the actions taken by the plaintiff and were reasonable and privileged under the circumstances and, alternatively, Detective Allen was acting in self-defense.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

                THE DEFENDANT:
                REGINALD ALLEN


        By _____
           Brian P. Leaming
           HALLORAN & SAGE LLP
           Fed. Bar #ct16075
           One Goodwin Square
           225 Asylum Street
           Hartford, CT 06103
           (860) 522-6103
           leaming@halloran-sage.com
           His Attorneys

### CERTIFICATION

This is to certify that on this 8th day of December, 2003, I hereby mailed a copy of the foregoing to:

Philip M. Andrews
#144452 - N-4-25
C.C.C.C.
900 Highland Avenue
Cheshire, CT 06640
(pro se plaintiff)

_____
Brian P. Leaming

492489.1(HS-FP)

One Goodwin Square　　HALLORAN　　Phone (860) 522-6103
225 Asylum Street　　& SAGE LLP　　Fax (860) 548-0006
Hartford, CT 06103　　　　　　Juris No. 26105