UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHILIP M. ANDREWS | : | CIVIL ACTION |
| Plaintiff | : | NO. 3:03CV611 (RNC) |
| | : | |
| V. | : | |
| | : | |
| REGINALD ALLEN | : | |
| Defendant | : | MARCH 31, 2004 |

**DEFENDANT'S OBJECTION TO**
**PLAINTIFF'S MOTION TO ADD DEFENDANT**

The undersigned defendant, Reginald Allen, respectfully objects to the plaintiff's Motion to Add Defendant and attached Addition to More Definite Statement on the grounds that the plaintiff has failed to give due and timely notice to the Clerk for the City of Hartford in accordance with Conn. Gen. Stat. § 7-465. In further support of this Objection, the defendant, Reginald Allen, submits the following:

By Motion dated March 5, 2004 and received on March 10, 2004, the *pro-se* plaintiff has moved the Court to add the City of Hartford as a defendant pursuant to Conn. Gen. Stat. § 7-465. The defendant, Reginald Allen, objects to the plaintiff's Motion on the grounds that due and timely service was not made to the Clerk for the City of Hartford. Connecticut General Statutes § 7-465 provides in relevant part that:

> no action for personal, physical injuries or damages ... shall be maintained against such municipality and employee jointly unless ... written notice of the intention to commence this action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Conn. Gen. Stat. § 7-465. To establish liability of a municipality under the statute, the plaintiff must prove compliance with the statute as to demand and notice. Carter v. City of Hartford, 1998 WL 823044 (D. Conn. 1998); Santiago v. City of New Britain, 482 Conn. Supp. 22, 23-24 (1991) (plaintiff is required to provide notice of the intention to sue with the clerk of the municipality within six months of the subject incident); Bartucca v. Bristol, 23 Conn. Supp. 228-229 (1962). This is a statutory remedy and must be strictly construed. It is well established that to proceed pursuant to § 7-465, the plaintiff must set forth her claim against the specific employee, the basis of that claim, allege and prove the City's liability by way of indemnification once the negligence has been established as to the specific employee. Sestito v. City of Groton, 178 Conn. 520, 527 (1979); Martyn v. Donlin, 148 Conn. 27 (1959). The plaintiff must prove that the notice was given and attach a copy of that notice as an exhibit to the Complaint. Wolfe v. Town of Branford, 22 Conn. Supp. 239, 240 (1960).

A review of the documents attached to the plaintiff's original Complaint dated April 3, 2003 does not locate notice of his intention to sue the municipality directed to the Clerk of the City of Hartford as strictly required under the language of § 7-465. A review of the documents finds correspondence and complaints sent by the plaintiff to the Office of Human Relations and the Chief of Police. The language of § 7-465 contains the strict requirement that written notice must be filed with the clerk of the municipality. Carter v. City of Hartford, 1998 WL 823044 (D. Conn. 1998) (a union grievance and complaint

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

filed with the Connecticut Commission on Human Rights and Opportunities was not proper and adequate notification under § 7-465).

Here, the plaintiff has not demonstrated compliance with the statute and therefore does not support the addition set forth by the plaintiff. While the plaintiff makes representations in his Motion that proper notice was filed with the City of Hartford, a copy of the notice has not been appended as an exhibit to the Complaint.

WHEREFORE, for the foregoing reasons, the undersigned defendant respectfully objects to the plaintiff's Motion to Add the City of Hartford as a defendant.

>                    THE DEFENDANT
>                    REGINALD ALLEN
>
>
>                    By _____
>                       Eric P. Daigle
>                       HALLORAN & SAGE LLP
>                       Fed. Bar #ct23486
>                       One Goodwin Square
>                       225 Asylum Street
>                       Hartford, CT  06103
>                       (860) 522-6103
>                       Daigle@halloran-sage.com
>                       His Attorneys

## **CERTIFICATION**

    This is to certify that on this 31st day of March, 2004, a copy of the foregoing Objection to Motion to Add Defendant was mailed, postage prepaid, to:

Philip M. Andrews
#144452 - N-4-25
C.C.C.C.
900 Highland Avenue
Cheshire, CT 06640
(pro se plaintiff)

 

                                                                          Eric P. Daigle

533376.1(HS-FP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105